NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY WEIMER,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>GOOGLE, INC.; et al.,<br><br>                Defendants-Appellees. | No. 19-35009<br><br>D.C. No. 9:18-cv-00078-DLC-JCL<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted November 9, 2020[**]

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Anthony Weimer appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v.*

---

       [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We affirm.

The district court properly dismissed Weimer's claims against defendants Google, Inc. and Microsoft Corporation because even assuming he stated a plausible claim against them, they are immune under the Communications Decency Act ("CDA").  *See* 47 U.S.C. § 230(c)(1); *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (CDA provides interactive computer service providers immunity from civil liability arising from content created by third parties).  We reject as without merit Weimer's contention that § 230(c)(2) of the CDA applies.

The district court properly dismissed Weimer's Federal Tort Claims Act ("FTCA") claim for lack of subject matter jurisdiction because Weimer failed to exhaust his administrative remedies prior to bringing suit.  *See* 28 U.S.C. § 2675(a) (setting forth FTCA's administrative exhaustion requirement); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (the FTCA bars a claimant from bringing suit in federal court unless the claimant has first exhausted administrative remedies).

The district court did not err in deciding the motions to dismiss without convening a three-judge panel.  *See* 28 U.S.C. § 2284(a).

We reject as without merit Weimer's contention that defendants failed to respond to his statement of undisputed facts.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

19-35009